LEMMON, Justice,
concurring in Denial of Application.
In this application for review of the trial court’s denial of defendant’s motion to suppress the evidence of the results of a chemical test for intoxication, defendant contends that the evidence should be suppressed because the state did not preserve the ampoule after the sample of defendant’s breath had been tested.
Courts in other jurisdictions have generally rejected this argument, because preservation of the tested ampoule does not give any scientifically reliable information regarding the accuracy of the original test results. See Anno., Destruction of Ampoule Used in Alcohol Breath Test as Warranting Suppression of Result of Test, 19 A.L.R.4th 509 (1983).
Defendant argues, nevertheless, that he had a constitutional right to have the state collect a separate sample and furnish it to him for later analysis, thereby insuring the accuracy of the test results. Not necessarily agreeing that defendant has such a constitutional right, I concede that fundamental fairness dictates procedures and safeguards for eliminating errors in chemical *1211 testing for intoxication.[1] However, La.R.S. 32:664 B provides that a person, when administered a chemical test at the direction of a law enforcement officer, has the right to have a qualified person of his choosing administer a separate test.[2] The statute further requires that the person being tested must be advised of this right and be afforded an opportunity to contact a qualified person for this purpose.[3]
This statutory scheme adequately protects any due process rights which a person accused of driving while intoxicated might have to independent testing by a person of his choosing. In view of this statutory safeguard, it is unreasonable to require the state to collect and provide the person with a separate sample. I therefore concur in denying defendant’s application.

. This is especially true since the 1983 amendment to La.R.S. 14:98, which authorizes a conviction (and a mandatory sentence) solely upon a showing that a motor vehicle operator’s blood alcohol concentration was 0.10 percent or more. See Act 634 of 1983.

. La.R.S. 32:664 B provides:
"The person tested may have a physician or a qualified technician, chemist, registered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. After being advised of this right as provided in R.S. 32:661(C), he shall be given the opportunity to telephone and request the qualified person to administer such test. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer."

.Evidence in other cases indicates that the standard "Rights Form” of the Louisiana Department of Public Safety (which apparently is used by law enforcement authorities throughout the state) contains the following advice:
“You have the OPTION OF AN ADDITIONAL TEST.
“You will be allowed to call a physician or other qualified person of your choice to give you an additional test, at your expense, if you so desire."
The form appears in the record in State v. Clark, 446 So.2d 293 (La.1984) and in the record of numerous other cases.